UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| In re: } | | |
| } | | |
| QUALITY PROPERTIES, LLC, } | Case No. 10-42783-JJR-11 | |
| } | | |
| Debtor. } | | |

| | | |
|---|---|---|
| PINE APPLE CONVEYOR SERVICE, INC., } | | |
| } | | |
| Plaintiff, } | | |
| v. } | AP No. 10-40124-JJR | |
| } | (consolidated with AP 10-40132) | |
| QUALITY PROPERTIES, LLC, and } | | |
| FIRST NATIONAL BANK OF TALLADEGA, } | | |
| } | | |
| Defendants. } | | |

## OPINION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

The claims made in Adversary Proceeding No. 10-40124 (the "PA-AP") were originally asserted by the plaintiff, Pine Apple Conveyor Service, Inc. ("Pine Apple") against the defendants, Quality Properties, LLC (the "Debtor") and First National Bank of Talladega (the "Bank"), in a civil action (the "State Action") filed in the Circuit Court of Shelby County, Alabama (the "State Court").[1] After the Debtor filed for relief under the Bankruptcy Code[2] the

---

[1] The State Action was removed to this Court as adversary proceeding 10-40124, which, along with adversary proceeding 10-40125 (Debtor's appeal of the arbitration award, also removed to this Court) was consolidated with the lead adversary proceeding, which is AP 10-40132 (filed by the Debtor to determine the extent, validity, and priority of the liens claimed by Pine Apple and the Bank, and hereafter referred to as the "Debtor-AP"). References to a pleading or other document filed in an adversary proceeding will be identified as "AP 10-401** Doc. ___" and a pleading or other document filed in the Debtor's underlying Chapter 11 Case will be identified as "Bk Doc. ___."

1

Case 10-40132-JJR    Doc 132    Filed 05/14/12    Entered 05/14/12 12:15:31    Desc Main
Document    Page 1 of 15

State Action was removed by the Debtor to this Court, and thereafter became an adversary proceeding in the Debtor's chapter 11 case (the "Chapter 11 Case").

## Jurisdiction

The Court has jurisdiction to hear these matters pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. These are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K) (allowance or disallowance of claims, and determination of the validity, extent, or priority of liens); therefore, the Court has authority to enter a final order. The following shall constitute the Court's findings of fact and conclusions of law.[3]

## Background and Findings

The material facts controlling the outcome of the PA-AP and the Debtor-AP, to the extent ruled upon herein, are not in dispute and are supported by the parties' submissions, including affidavits and exhibits thereto, and most significantly, the pleadings filed in the State Action and orders entered by the State Court before the State Action was removed. The Court has also considered the parties' arguments and legal authorities submitted in writing and made orally during hearings.

---

[2] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to 11 U.S.C. § 101, *et seq.*, and references to a "Bankr. Rule" are to the Federal Rules of Bankruptcy Procedure.

[3] The Court's jurisdiction over the PA-AP and Debtor-AP, and other similar adversary proceedings in the Chapter 11 Case, was considered in an Opinion and Order entered on November 29, 2011 as Bk Doc. 328.

2

Pursuant to a contract dated May 7, 2008 (the "Contract"),[4] Pine Apple agreed to construct a Marvin's Building Materials & Home Center Store (the "Project") for the Debtor on a commercial site owned by the Debtor that is located in Shelby County, Alabama, and described as follows (the "Subject Property"):

> Lot 1, according to the Survey of 31 Plaza, a Commercial Subdivision located in the City of Calera, Alabama, as recorded in Map Book 39, page 150, in the Probate Office of Shelby County, Alabama.

The Debtor failed to pay as agreed under the Contract, and on April 22, 2009, Pine Apple commenced the State Action by filing a complaint in the State Court seeking a money judgment against the Debtor for the amounts due. Pine Apple also claimed a mechanic's lien against the Subject Property, and asserted its lien should be given priority over a mortgage the Debtor had made in favor of the Bank.[5]

Immediately after filing its complaint in the State Action, Pine Apple filed a Motion to Stay and to Sever, in which it asked the State Court to enforce an arbitration provision applicable to the Contract, and to stay the State Action with respect to the Bank until after the conclusion of mandatory arbitration.[6] The Debtor filed a motion opposing arbitration, and alleged that Pine

---

[4] The Bank argues that because the Contract on its face purported to be between Pine Apple and AAA Properties, LLC, not the Debtor, it was a subcontract not an original contract (a/k/a a prime or general contract). Whether the Contract was an original contract or subcontract is a disputed fact; however, the determination of that fact is not material to the Court's decision herein, which would be the same regardless of how the Contract is classified.

[5] AP 10-40124 Doc. 10, Ex. 1.

[6] AP 10-40124 Doc. 10, Ex. 2. According to the Circuit Court Clerk's filing stamps, the complaint in the State Action was filed at 3:03 p.m. on April 22, 2009, and the Motion to Stay and to Sever was filed at 3:45 p.m. that same day.

3

Apple had waived its right to have their disputes adjudicated by arbitration.[7] The State Court denied the Debtor's motion and placed the State Action on the administrative docket pending completion of the arbitration.[8] At the conclusion of the arbitration proceeding, an Award of Arbitration was entered in favor of Pine Apple and against the Debtor for $1,269,000.00 (the "Arbitration Award").[9] Pine Apple's request for a mechanic's lien against the Project was, by design or otherwise, not addressed in the Arbitration Award, and in conclusion the arbitrator stated: "This Award is in full settlement of all claims and counterclaims submitted to this arbitration. All claims not expressly granted are hereby, denied."[10]

On July 23, 2010, the State Court signed an order, which was then docketed on July 28, 2010, denying the Debtor's motion to vacate the Arbitration Award, and pursuant to Rule 71B(f) of the Alabama Rules of Civil Procedure, granted Pine Apple's motion to have the Arbitration Award entered as a final judgment of the State Court, expressly denied all other relief, and taxed costs against the Debtor (the "Final Judgment").[11] Like the Arbitration Award, the Final Judgment made no mention of Pine Apple's demand for a mechanic's lien. In pertinent part the Final Judgment provided that:

> . . . The Motion by [Pine Apple] pursuant to Rule 71B(f) for entry of the arbitration award as a final judgment of this Court is granted, and said award is confirmed in all respects. The Clerk is directed to enter the arbitration award as the final judgment of this Court. . . .

---

[7] AP 10-40124 Doc. 10, Ex. 4.

[8] AP 10-40124 Doc. 10, Ex. 17.

[9] AP 10-40124 Doc. 10, Ex. 24.

[10] *Id.*

[11] AP 10-40124 Doc. 10, Ex. 86.

> . . . . The Court, determining there is no just reason for delay, expressly directs the entry of this judgment as a final judgment under Rule 54(b) of the Alabama Rules of Civil Procedure. . . . .
>
> . . . . All other relief is DENIED.
>
> . . . . Costs of Court are taxed against Defendant, Quality Properties, LLC. . . . .[12]

On August 11, 2010, the State Court entered an Order in the State Action stating that "Unless otherwise ordered by the Court, all claims against any *remaining* defendants will be automatically dismissed in 28 days with costs of Court taxed as paid."[13] In response, Pine Apple filed a Motion to Amend the "August 11, 2010 Order to allow [Pine Apple's] claims against the [Bank] to remain pending on the [State] Court's docket, on grounds that such claims are independent of and substantial – involving the issue of priority of [Pine Apple's] mechanics lien with respect to the Bank's mortgage."[14] The State Court granted Pine Apple's Motion to Amend, and ordered that "all claims by [Pine Apple] against defendant *First National Bank of Talladega* shall remain on the Court's docket."[15] Having avoided dismissal of its claim of priority over the Bank's mortgage, Pine Apple filed a "Motion for Summary Judgment Against First National Bank of Talladega" ("State SJ Motion").[16]

---

[12] *Id*.

[13] AP 10-40124 Doc. 10, Ex. 87 (emphasis added). After entry of the Final Judgment, the only "*remaining*" defendant would have been the Bank.

[14] AP 10-40124 Doc. 10, Ex. 88.

[15] AP 10-40124 Doc. 10, Ex. 91 (emphasis added).

[16] AP 10-40124 Doc 10, Ex 93.

Pine Apple's "Narrative Statement of Undisputed Facts" in the State SJ Motion appears to be substantially correct, and in particular it states: "On July 23, 2010 [the State Court] entered an Order confirming the arbitration award and awarding [Pine Apple] a judgment against [the Debtor] in the amount of $1,269,000.00. Said judgment was filed of record on August 23, 2010, in Instrument No. 20100825000273590 in [the Probate Office of Shelby County, Alabama]."[17] The Evidentiary Submission filed in support of Pine Apple's State SJ Motion included a copy of Pine Apple's recorded judgment (the "Recorded Judgment") identified in the narrative.[18] And critically, the Recorded Judgment, like the Arbitration Award and Final Judgment which came before it, made no mention of a mechanic's lien. Such a conspicuous absence in those three operative documents was ignored by Pine Apple in the State SJ Motion as it argued for "priority" over the Bank's mortgage. Pine Apple concluded its argument by asking the State Court for the following relief:

> WHEREFORE, premises considered, [Pine Apple] respectfully requests this Honorable Court to grant this motion for summary judgment by entering an order declaring that the mechanic's lien held by [Pine Apple], recorded as Instrument No. 20100825000273590, against the property is senior to that mortgage held by defendant First National Bank of Talladega, recorded as Instrument No. 20080811000322810 in the Probate Office of Shelby County, Alabama.[19]

---

[17] *Id*.

[18] AP 10-40124 Doc 10, Ex 92, Tab G. To be more exact, the Recorded Judgment is a Certificate of Judgment prepared by the Clerk of the State Court. The recording information on the Recorded Judgment shows a filing date of August 25, 2010 (as opposed to August 23, 2010, as stated in the State SJ Motion).

[19] AP 10-40124 Doc. 10, Ex 93.

Recall, however, that the Arbitration Award, the Final Judgment, and their progeny, the Recorded Judgment, do not mention a mechanic's lien, much less establish a mechanic's lien in Pine Apple's favor.

The State Court had not ruled on Pine Apple's State SJ Motion when the Debtor filed the Chapter 11 Case on October 1, 2010.[20] However, before the Chapter 11 Case was filed, the Debtor appealed from the Final Judgment to the Alabama Supreme Court.[21] The automatic stay was lifted by this Court to allow the appeal to proceed,[22] and on March 9, 2012 the Final Judgment was affirmed without opinion.[23]

After the Chapter 11 Case was commenced, and the State Action removed to this Court, the Debtor filed the Debtor-AP (together with the PA-AP, the "APs"). The complaint filed in the Debtor-AP named Pine Apple and the Bank as defendants, and alleged, *inter alia*, that (i) Pine Apple did not have a perfected mechanic's lien against the Subject Property; (ii) numerous subcontractors claimed mechanic's liens against the Subject Property; and (iii) the Bank claimed to hold a first mortgage upon the Subject Property.[24] The complaint asked this Court to determine the right, title and interest of the Debtor, Pine Apple, and the Bank in and to the Subject Property, and in particular, to determine the amount, status, and priority of the respective

---

[20] AP 10-40124 Doc. 10, Ex 94.

[21] AP 10-40124 Doc. 10, Exs. 89, 90. Suggestions of bankruptcy were filed with the State Court and Alabama Supreme Court, and the latter gave notice that the Debtor's appeals were stayed in accordance with Bankruptcy Code § 362.

[22] Bk Doc. 279.

[23] AP 10-40132 Doc. 126.

[24] AP-40132 Docs. 1, 4.

interests claimed by the Debtor, Pine Apple, the Bank, and other lien claimants in and to the Subject Property.[25]

Pine Apple and the Bank each filed motions for summary judgment with respect to the claims, counterclaims and cross-claims contained in the APs.[26] In its first motion (Doc. 14), Pine Apple argued that the Arbitration Award, Final Judgment, and Recorded Judgment all prove that a mechanic's lien was established in its favor against the Subject Property. In its second motion (Doc. 64), Pine Apple sought summary judgment to enforce its alleged mechanics lien by seeking an order for sale of the property. If Pine Apple were to prevail on its argument, it would be entitled to a secured claim in the Chapter 11 Case. On the other hand, the Bank argued in its motion (Doc. 59) that in all respects, the Arbitration Award, Final Judgment, and Recorded Judgment, are final – no longer subject to further adjudication or appeal – and none mention a mechanic's lien, much less establish such a lien in favor of Pine Apple. If the Bank is correct, and as discussed below the Court believes it is, the State Action, as it pertained to the Debtor, is now final for all purposes, leaving Pine Apple with no more than a possible simple money-judgment lien, and certainly not a mechanic's lien.[27] The Bank continued its argument by asserting that without a mechanic's lien, Pine Apple's claim of priority over the Bank's mortgage

---

[25] *Id.*

[26] AP 10-40132 Docs. 14, 59, and 64.

[27] The Recorded Judgment may constitute a lien against the Subject Property pursuant to Ala. Code § 6-9-211 (1975), as would any money judgment for which a certificate of judgment was recorded; however, it does not constitute a mechanic's lien. To the extent the Recorded Judgment constitutes a simple judgment lien, it would have attached to the Subject Property at the time and date it was recorded, and would be subordinate to the Bank's mortgage. Regardless, the status of the Recorded Judgment as a simple judgment lien, and not as a mechanic's lien, is not a subject addressed by this opinion and order.

8

is moot, and it is too late for Pine Apple to try anew to establish such a lien – again, the Court agrees.

The quintessence of the parties' motions requires the Court to decide whether Pine Apple possesses a mechanic's lien against the Subject Property; and if so, the priority of that lien vis-a-vis the Bank's mortgage; or if not in possession of a mechanic's lien, whether Pine Apple is then barred from further pursing such a lien in either the State Court or in this Bankruptcy Court. As discussed below, the Court concludes Pine Apple has no mechanic's lien, and may not rekindle its mechanic's lien claim in any court.

## Standard For Summary Judgment

A motion for summary judgment is controlled by Bankr. Rule 7056, which directs that Rule 56 of the Federal Rules of Civil Procedure is applicable to bankruptcy adversary proceedings. A court may grant summary judgment to a moving party when that party demonstrates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Bankr. Rule 7056(a). In considering the merits of a motion for summary judgment, the judge's function is not to determine the truth of the matter asserted or the weight of the evidence, but to determine whether the factual disputes raise genuine issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In making this determination, the facts are to be considered in a light most favorable to the non-moving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Allen v. Board of Public Educ. for Bibb Co.*, 495 F.3d 1306 (11th Cir. 2007).

## Conclusions

To establish and enforce a mechanic's lien in Alabama, a lien claimant must comply with the statutory scheme set out in Ala. Code § 35-11-210 (1975), *et seq*. Those statutes, and a

claimant's compliance therewith are to be strictly construed. *Snellings Lumber Co. v. Porter*, 142 So. 560, 561 (Ala. 1932). In its quest for a lien in the State Action, at least with respect to the Debtor,[28] Pine Apple appears to have complied with all the statutory requirements, except for one fatal omission: A judgment *establishing the lien* was never entered. Alabama Code § 35-11-224 is exact in describing what must be contained in a judgment entered in an action if a mechanic's lien is to be established in favor of the plaintiff:

> Any defendant, by appropriate plea, may put in issue the fact of indebtedness or the existence of the lien, or both, and may interpose any other defense applicable to the action; and if the court by its finding, or the jury by their verdict, as the case may be, ascertain that the plaintiff has a lien as claimed, judgment shall be entered for the amount secured thereby, interest and costs, against the party liable for the same, *and establishing the lien, and condemning the property to sale for the satisfaction thereof*; but if the finding or verdict is for the plaintiff only on the issue of indebtedness, a judgment shall be entered in his favor for the amount thereof as in other cases.

Ala. Code § 35-11-224 (1975) (emphasis added).

Neither the Arbitration Award nor the Final Judgment mentioned a mechanic's lien, much less purport to establish such a lien or provide for a sale of the Subject Property to satisfy Pine Apple's money judgment. Alabama Code § 35-11-224 contemplates cases where the jury or court may find the plaintiff was entitled to a judgment for the indebtedness but was not entitled to a mechanic's lien. Perhaps that was what happened in the State Action, either when the arbitrator entered the Arbitration Award or the State Court entered the Final Judgment – we simply do not know. Regardless, it is evident from the record that no mechanic's lien was established, whether intentionally omitted or omitted by oversight.

---

[28] As briefly discussed in n. 4, *supra*, the Court does not reach the issue of whether Pine Apple should be treated as a general or subcontractor with respect to the Bank and its mortgage. Inasmuch as the Court concludes that Pine Apple did not establish its mechanic's lien, and is barred from further litigating its status as a mechanic's lien claimant, that issue is moot.

On Pine Apple's motion,[29] the Arbitration Award was "confirmed in all respects" and the State Court directed "the entry of this judgment as a final judgment under Rule 54(b) of the Alabama Rules of Civil Procedure" and taxed costs against the Debtor.[30] The Final Judgment was appealed by the Debtor to the Alabama Supreme Court, and it was affirmed. Thus, to the extent it asserted claims against the Debtor, the State Action was concluded, and is now over and done with; the Final Judgment is exactly that – final.

Soon after entry of the Final Judgment, the State Court ordered that "all claims against any remaining defendants will be automatically dismissed in 28 days." Pine Apple confirmed the obvious – that the "remaining defendants" was a reference to the Bank – by filing a Motion to Amend Order (i.e. amend the 28-day order) to allow its claims against the Bank to remain pending in the State Action "on grounds that such claims are independent of and substantial – involving the issue of priority of [Pine Apple's] mechanics lien with respect to the Bank's mortgage." At that juncture, however, Pine Apple had not been awarded a mechanic's lien by either the arbitrator or the State Court. Notably, Pine Apple's Motion to Amend Order made no request for the State Court to allow Pine Apple's claim for a mechanic's lien to remain on the docket, an especially glaring omission given that the mechanic's lien claim was not mentioned in the Arbitration Award or in the Final Judgment. Its absence may be explained by the arbitrator's and State Court's conspicuous announcements, respectively, that "All claims not expressly granted are hereby, denied" and "All other relief is DENIED." That language had the effect of denying the mechanic's lien claim, and the opportunity to establish a mechanic's lien was lost; therefore, Pine Apple's attempted retention of the priority claim against the Bank was

---

[29] AP 10-40124 Doc. 10 Ex. 27.

meaningless. As discussed in note 27 *supra*, without a mechanic's lien it is axiomatic that Pine Apple had no priority over the Bank's mortgage.

Perhaps Pine Apple could argue that by preserving its claim for priority over the Bank's mortgage, it thereby implicitly preserved its right to establish the mechanic's lien that had yet to be awarded by either the arbitrator or State Court. Such an argument is belied by Pine Apple's State SJ Motion, it which it stated:

> On July 23, 2010, [the State Court] entered [the Final Judgment] confirming the [A]rbitration [A]ward and awarding [Pine Apple] a judgment against [the Debtor] in the amount of $1,269,000.00. Said judgment was filed of record on August 23, 2010, in Instrument No. 20100825000273590 in said probate office [i.e. the Recorded Judgment]. . . .
>
> WHEREFORE, premises considered, [Pine Apple] respectfully requests [the State Court] to grant this motion for summary judgment by entering an order declaring that the mechanic's lien held by [Pine Apple], recorded as Instrument No. 20100825000273590, against the [Subject Property] is senior to that mortgage held by [the Bank], recorded as Instrument No. 20080811000322810 in the Probate Office of Shelby County, Alabama.

Pine Apple conveniently ignored the elephant in the room – or perhaps better said, ignored its absence: The Recorded Judgment, specifically identified by its official recordation number, makes no mention of a mechanic's lien having been established against the Subject Property. The Recorded Judgment was no more than a clerk's certificate of judgment based upon the Final Judgment, which, like the Arbitration Award it confirmed, established the debt owing by the Debtor to Pine Apple but did not establish or declare a mechanic's lien in Pine Apple's favor. Contrary to Pine Apple's factual averment and prayer for relief in the State SJ Motion – referring to the Recorded Judgment as a mechanic's lien – the Recorded Judgment is neither a mechanic's lien nor does it evince the existence of such a lien established in the State Action.

---

[30] AP 10-40124 Doc. 10 Ex. 86.

Pine Apple and the Debtor are bound by the Final Judgment, which simply established the amount of the indebtedness owing under the Contract.  All claims by Pine Apple against the Debtor in the State Action were completely subsumed in the Final Judgment and may not be further appealed, whether in the state or federal courts.  The doctrine of *res judicata* – claim preclusion – prohibits Pine Apple from again litigating not just the claims actually adjudicated in the State Action, but also those which could have been (such as its claim for a mechanic's lien), but for whatever reason were not adjudicated. The mechanic's lien claim was either denied by the arbitrator and the State Court, or was never adjudicated.  We do not know which.  What we do know is that the Final Judgment is now final, not subject to further appeal, and the only claim remaining in the State Action – priority between Pine Apple's non-existent mechanic's lien and the Bank's mortgage – is moot because Pine Apple either was denied, or by failure to pursue its adjudication has now lost, its opportunity to establish a mechanic's lien.

This Court has ruled that an inchoate mechanic's lien may be perfected and established, post-petition, in bankruptcy court.  *In re Cook*, 384 B.R. 282, 292 (Bankr. N.D. Ala. 2008) (determining that a purported mechanic's lien holder may utilize Code Section 546(b)(2) to perfect his lien in bankruptcy court post-petition, and stating that  "[the] Bankruptcy Court is capable of determining whether the [mechanic's] lien was properly and timely perfected, which . . . will require a determination of the lien's validity, extent and priority, and ultimately whether [the purported mechanic's lien] claim should be allowed, and if so, allowed as a secured or unsecured claim. All are core proceedings under 28 U.S.C. § 157(b).").  But all of Pine Apple's claims asserted against the Debtor in the State Action were fully adjudicated, or at least could have been fully adjudicated with diligence, prior to the commencement of the Chapter 11 Case. All orders and judgments coming out of the State Action that pertained to the Debtor and its

13

property were either final before the petition was filed in the Chapter 11 Case, or became final post petition after the appeal to the Alabama Supreme Court was concluded. To allow those same claims, including those actually litigated as well as those that could have been litigated but were not, and that had worked their way through the state courts, to be again litigated in bankruptcy court, would be to impermissibly posture this Court as an appellate court.

Federal courts, including bankruptcy courts, must recognize and give full faith and credit to judgments entered by state courts, such as the Final Judgment entered by the State Court in the State Action. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). And issue preclusion (aka collateral estoppel) prohibits parties, such as the parties to the APs, from again litigating issues in a subsequent action (i.e., the APs) that were litigated in prior litigation (i.e., the State Action). The resolution of those issues in the prior action remains binding on the parties in the subsequent litigation. *See St. Laurent v. Ambrose (In re St. Laurent),* 991 F.2d 672, 675-76 (11th Cir. 1993) (collateral estoppel bars bankruptcy court from "relitigating factual issues previously decided in state court," applying collateral estoppel rules of that state to determine preclusive effect); *see also Lott v. Toomey*, 477 So. 2d 316, 319 (Ala. 1985) (setting out four elements of collateral estoppel under Alabama law).

Likewise, claim preclusion (aka *res judicata*) bars parties, such as the parties to the APs, from again litigating claims that were adjudicated in a previous action, such as the State Action, or that could have been adjudicated in the previous action (i.e., Pine Apple's claim for a mechanic's lien). The resolution of those claims – as well as the failure to resolve those claims – in the prior action remains binding on the parties, and may not be again litigated. *See Burr & Forman v. Blair*, 470 F.3d 1019, 1030, (11th Cir. 2006) ("Claim preclusion does not apply exclusively to those theories and claims actually raised in the prior proceeding but also

14

encompasses all claims that could have been raised from the same nucleus of operative facts." (citing *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir. 1993)); *and see Lee L. Saad Constr. Co. v. DPF Architects*, 851 So. 2d 507, 516 (Ala. 2003) ("Res judicata and collateral estoppel are two closely related, judicially created doctrines that preclude the relitigation of matters that have been previously adjudicated or, in the case of res judicata, that could have been adjudicated in a prior action."). The Final Judgment, whether by design or otherwise, failed to establish the mechanic's lien sought by Pine Apple in its State Action complaint, and had the effect of adjudicating a denial of that relief. The Final Judgment is binding on Pine Apple, the Bank, the Debtor, and this Court. What the State Court failed or refused to do in the State Action cannot now be done in the APs by this Bankruptcy Court.

## ORDER

Accordingly, based on the foregoing, it is hereby ORDERED that:

ONE: Pine Apple's motions for summary judgment (AP 10- 40132 Doc. 14, 64) are DENIED.

TWO: The Bank's motion for summary judgment (AP 10-40132 Doc. 59) is GRANTED.

THREE: To the extent the Recorded Judgment constitutes a lien on the Subject Property, that lien is NOT a mechanic's lien pursuant to Ala. Code § 35-11-210 (1975), *et seq.*, but rather is at most a simple money-judgment lien pursuant to Ala. Code § 6-9-211 (1975), and in any event would be subordinate to the Bank's mortgage.

So Done and Ordered: May 14, 2012

/s/ James J. Robinson
JAMES J. ROBINSON
United States Bankruptcy Judge

15